# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **CONTEXT DIRECTION LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DON HERRING AUTO SALES, LTD.,**<br><br>Defendant. | Case No. 4:24-cv-228 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Context Direction LLC ("Context Direction" or "Plaintiff") files this Complaint for patent infringement against Don Herring Auto Sales, LTD. ("Don Herring" or "Defendant"), and alleges as follows:

### I. PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 261 West 35th St., Suite 1003, New York, NY 10001

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Texas with a registered agent Donald R. Herring, 4225 W Plano Pkwy, Plano, TX 75093. Defendant also maintains a place of business in this judicial District at 4225 W Plano Pkwy, Plano, TX 75093.

### II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its

business in this forum, including at least a portion of the infringements alleged herein at 4225 W Plano Pkwy, Plano, TX 75093.

5. Without limitation, on information and belief, within this state, Defendant has sold and offered for sale Accused Products that are covered by the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived revenues from its infringing acts occurring within Texas. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Texas. Defendant has committed such purposeful acts and/or transactions in Texas such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendant has businesses in this district at 4225 W Plano Pkwy, Plano, TX 75093. On information and belief, from and within this District, Defendant has committed at least a portion of the infringements at issue in this case.

7. For these reasons, personal jurisdiction exists and venue is proper in this District under 28 U.S.C. § 1400(b).

### III.  COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 9,807,564)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On October 31, 2017, United States Patent No. 9,807,564 ("the '564 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '564 Patent is titled

"Method for Detecting Context of a Mobile Device and a Mobile Device with a Context Detection Module."  A true and correct copy of the '564 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Context Direction is the assignee of all right, title, and interest in the '564 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '564 Patent.  Accordingly, Context Direction possesses the exclusive right and standing to prosecute the present action for infringement of the '564 Patent by Defendant.

11. The claimed invention relates to the field of detecting context of a mobile device and to a mobile device having context detection modules. At the time of the original invention there was a problem of how a mobile device was able to use the onboard sensors to detect the current environment, activity, and circumstances of the user. With these sensors, and automatic use of the sensors, allows for safer operation of the mobile device when it can recognize the contexts.

12. The prior art methods included detecting the approximate position on the basis of the signals of cell phone towers, however, this prior method required compromising a delay in detection and accepting that there would be many false positives detecting the proper context. Another method was to analyze the speed of the device using GPS, however this required large amounts of power reducing operating time of the mobile device, or reducing the amount of detecting the device could do to maintain its power capacity.

13. The inventors recognized the utility in creating an energy efficient and timely method  that enables the mobile device to be more efficient.

14. **Infringement**. Don Herring has been and continues to directly infringe at least claims 1 and 23 of the '564 Patent in this District and elsewhere in the United States by selling and/or offering for sale in the United States, without authorization, at least the used 2021 BMW 5 Series 530i xDrive, 2021 Cadillac XT5 FWD Premium Luxury, 2022 Chevrolet Equinox LT, 2020 Chevrolet Suburban LT, 2021 Jeep Cherokee Latitude, 2022 Kia Forte LXS, 2021 Kia Forte K5 LXS, 2021 Kia Soul S, 2021 Toyota Camry SE, 2021 Toyota Rav4 XLE Premium, 2021 Volkswagen Jetta SE, and 2021 Volkswagen Passat 2.0T SE (collectively "Accused Products"). For example, as shown in the attached claim charts (Exhibit B-M), the Accused Products infringe at least Claims 1 and 23 of '564 Patent.

15. Moreover, Defendant's acts of direct and indirect infringement of the '564 Patent occurred with Defendant's full knowledge that their selling and offering for sale of the Accused Products constitutes infringement of the '564 Patent. In particular, on or about October 30, 2023, Plaintiff provided written notice to Defendant regarding its infringement of the '564 Patent. Defendant was thus made aware of the '564 Patent and the fact that Defendant was selling and/or offering for sale a patent-protected product, but since then has continued to sell and/or offer for sale the Accused Products. Defendant's infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Context Direction of its attorneys' fees in accordance with 35 U.S.C. § 285.

16. Context Direction is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

17. Context Direction will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

### IV.   COUNT II
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 10,142,791)

18. Plaintiff incorporates the above paragraphs herein by reference.

19. On October 31, 2017, United States Patent No. 10,142,791 ("the '791 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '791 Patent is titled "Method and System for Context Awareness of a Mobile Device." A true and correct copy of the '791 Patent is attached hereto as Exhibit N and incorporated herein by reference.

20. Context Direction is the assignee of all right, title, and interest in the '791 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '791 Patent. Accordingly, Context Direction possesses the exclusive right and standing to prosecute the present action for infringement of the '791 Patent by Defendant.

21. The '791 Patent shares the identical specification as the '564 patent and therefore Context direction incorporates the background and discussion in Paragraphs 11-13.

22. **Infringement**. Don Herring has been and continues to directly infringe at least claim 1 of the '791 Patent in this District and elsewhere in the United States by selling and/or offering for sale in the United States, without authorization, at least the used 2022 Kia Forte LXS, 2021 Kia K5 LXS, 2021 Kia Soul S, 2021 Toyota Camery SE, and 2021 Toyota RAV4 XLE Premium vehicles (collectively "'791 Patent Accused Products"). For example, as shown in the attached claim charts (Exhibit O-S), the sale of the '791 Patent Accused Products infringes at least claim 1 of the '791 patent.

23. Moreover, Defendant's acts of direct and indirect infringement of the '791 Patent occurred with Defendant's full knowledge that their selling and offering for sale the '791 Patent Accused Products constitutes infringement of the '791 Patent. In particular, on or about October 30, 2023, Plaintiff provided written notice to Defendant regarding its infringement of the '791

Patent. Defendant was thus made aware of the '791 Patent and the fact that Defendant was selling and/or offering for sale a patent-protected product, but since then has continued to sell and/or offer for sale the '791 Patent Accused Products. Defendant's infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Context Direction of its attorneys' fees in accordance with 35 U.S.C. § 285.

24. Context Direction is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

25. Context Direction will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## V.  COUNT III
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 11,057,738)

26. Plaintiff incorporates the above paragraphs herein by reference.

27. On July 6, 2021, United States Patent No. 11,057,738 ("the '738 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '738 Patent is titled "Adaptive Context Detection in Mobile Devices."  A true and correct copy of the '738 Patent is attached hereto as Exhibit T and incorporated herein by reference.

28. Context Direction is the assignee of all right, title, and interest in the '738 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '738 Patent.  Accordingly, Context Direction possesses the exclusive right and standing to prosecute the present action for infringement of the '738 Patent by Defendant.

29. The '738 Patent shares the identical specification as the '564 patent and therefore Context direction incorporates the background and discussion of the invention in Paragraphs 11-13.

30. **Infringement**. Don Herring has been and continues to directly infringe at least claims 1 and 28 of the '738 Patent in this District and elsewhere in the United States by selling used 2022 Kia Forte LXS, 2021 Kia K5 LXS, 2021 Kia Soul S, 2021 Toyota Camery LE, 2021 Toyota RAV4 XLE Premium ("'738 Patent Accused Products"). For example, as shown in the attached claim charts (Exhibit U-Y), the Accused Products infringe at least claims 1 and 28 of the '738.

31. Moreover, Defendant's acts of direct and indirect infringement of the '738 Patent occurred with Defendant's full knowledge that their selling and offering for sale the '738 Patent Accused Products constitutes infringement of the '738 Patent. In particular, on or about October 30, 2023, Plaintiff provided written notice to Defendant regarding its infringement of the '738 Patent. Defendant was thus made aware of the '738 Patent and the fact that Defendant was selling and/or offering for sale a patent-protected product, but since then has continued to sell and/or offer for sale the '738 Patent Accused Products. Defendant's infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Context Direction of its attorneys' fees in accordance with 35 U.S.C. § 285.

32. Context Direction is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

33. Context Direction will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant, granting the following relief:

    a. Judgment that one or more claims of United States Patent No. 9,807,564 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

    b.    Judgment that one or more claims of United States Patent No. 10,142,791 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

    c.    Judgment that one or more claims of United States Patent No. 11,057,738 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant

    d.    Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

    e.    As a consequence of Defendant's willful infringement, trebling the foregoing damages award in accordance with 35 U.S.C. § 284;

    f.    An award of attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

    g.    That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

    h.    That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## V. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 14, 2024                                                   Respectfully submitted,

                                                                          */s/David R. Bennett*
                                                                          David R. Bennett
                                                                          Texas Bar No. 6244214
                                                                          *(Admitted to U.S. District Court for the Eastern District of Texas)*
                                                                          DIRECTION IP LAW
                                                                          P.O Box 14184
                                                                          Chicago, IL 60614-0184
                                                                          Telephone: (312) 291-1667
                                                                          Email: dbennett@directionip.com

**ATTORNEY FOR PLAINTIFF**
**CONTEXT DIRECTION LLC**